IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. VILLARREAL,<br><br>    Petitioner,<br><br>  v.<br><br>FRANK X. CHAVEZ, Warden,<br><br>    Respondent. | No. C 13-0416 WHA<br><br>**ORDER TO SHOW CAUSE** |

    Petitioner Robert D. Villarreal is currently confined at the Sierra Conservation Center in Jamestown. Pursuant to 28 U.S.C. 2254, he has filed a petition for writ of habeas corpus challenging a conviction in California state court.

    Petitioner was charged with second degree burglary under California Penal Code Section 459, five "strike prior" allegations under Section 667(e)–(i), and five "prison prior" allegations under Section 667.5(d). Three of the "prison priors" alleged were also alleged as "strike priors." On July 19, 2006, following a jury verdict of guilty on the second degree burglary charge and finding as true the prior conviction allegations, petitioner was sentenced to a prison term of thirty years to life. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction and sentence with the exception of petitioner's challenge regarding the prior serious felony allegations pertaining to petitioner's 1982 burglary conviction. As to that issue, the case was remanded for resentencing unless the prosecutor elected to retry those allegations. Petitioner sought review in the California Supreme Court of the portions of the Court of Appeal's order against him. The state supreme court denied review. While petitioner's

appeal was pending, petitioner's case was remanded to the trial court for resentencing. After a new sentencing hearing, the trial court again sentenced petitioner to a term of thirty years to life. Petitioner appealed this judgment to the Court of Appeal, which affirmed the sentence. The California Supreme Court denied review.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that the petitioner is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243.

As grounds for federal habeas relief, petitioner claims that his right to effective assistance of counsel under the Sixth and Fourteenth Amendments was violated on the grounds that (1) trial counsel failed to object at trial to the admission of petitioner's prior convictions for drug possession as impeachment; (2) trial counsel failed to "press for" bifurcation of the trial as to the prior conviction allegations when the trial court ruled on the issue; (3) trial counsel failed to move for the redaction of prejudicial information from documents admitted at trial to prove the prior conviction enhancements; and (4) trial counsel failed to object to prosecutorial misconduct during the prosecutor's closing argument, including the prosecutor's assertion of facts not in evidence and comments about the role of the prosecutor and defense counsel. Petitioner claims that his right to due process under the Fifth and Fourteenth Amendments was violated by the cumulative prejudice resulting from trial counsel's errors as listed above. Petitioner further claims that his right to due process under the Fifth and Fourteenth Amendments was violated by the trial court's instruction to the jury based on California Criminal Jury Instructions No. 376. Lastly, petitioner claims that his sentence of thirty years to life under California's Three Strikes Law violated the Eighth Amendment.

The issues in the petition are sufficient to require a response.

1. The **CLERK SHALL SERVE** by regular mail a copy of this order and the petition with attachments upon respondent and respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner's counsel.

2

2. **RESPONDENT SHALL FILE WITH THE COURT AND SERVE ON PETITIONER, WITHIN SIXTY DAYS OF THE ISSUANCE OF THIS ORDER, AN ANSWER** conforming in all respects to Rule 5 of the Rules governing Section 2254 cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed.

If petitioner wishes to respond to the answer, he shall do so by filing a **TRAVERSE WITH THE COURT AND SERVING IT ON RESPONDENT WITHIN THIRTY DAYS OF THE DATE THE ANSWER IS FILED**.

3. Respondent may file, **WITHIN SIXTY DAYS**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **THIRTY DAYS** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **FIFTEEN DAYS** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true and correct copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: March 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE